IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| **ANGEL PIMENTEL** | ) | |
| 877 Clopper Rd. Apt. B4 | ) | |
| Gaithersburg, MD 20878 | ) | |
| | ) | |
| **EDIL MORALES** | ) | |
| 877 Clopper Rd. Apt. B4 | ) | |
| Gaithersburg, MD 20878 | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No:  8:17-cv-652 |
| | ) | |
| v. | ) | |
| | ) | |
| **CC LAST MILE, LLC** | ) | |
| 4151 Ashford Dunwood Rd., | ) | |
| Suite 260 | ) | |
| Atlanta, GA 30319 | ) | |
| | ) | |
| <u>Serve Resident Agent</u> | ) | |
| The Corporation Trust Incorporated | ) | |
| 351 West Camden Street | ) | |
| Baltimore, MD 21201 | ) | |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Angel Pimentel ("Pimentel") and Edil Morales ("Morales"), (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, based on their knowledge and upon information and belief, and by and through their undersigned counsel, Deyka Williams Spencer, and The Spencer Firm, LLC, hereby bring suit against CC Last Mile, LLC (hereinafter "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.* (FLSA); the Maryland Wage and Hour Law, §§ 3-401 *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law §§ 3-501 *et seq*. ("MWPCL")

**PARTIES AND JURISDICTION**

1. The Plaintiffs are all adults and over eighteen years of age.

2. As named Plaintiffs, they affirm their consent to participate as plaintiffs in a Collective Action under the FLSA.

3. Plaintiffs are residents of Montgomery County, Maryland.

4. At all relevant times, Plaintiffs were employees of Defendant, as defined by the FLSA and Maryland law, who Defendant suffered or permitted to work without paying Plaintiffs overtime, in violation of Federal law and Maryland law.

5. Defendant, upon information and belief, is a for-profit courier company operating in Maryland with its principal place of business in Atlanta, Georgia.

6. Defendant, upon information and belief, provides delivery services for Amazon.com.

7. At all relevant times, Defendant was and continues to be an "employer" of Plaintiffs as defined by the FLSA and Maryland law.

8. Upon information and belief, Defendant controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

9. At all relevant times, Defendant controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

10. At all relevant times, Defendant had the power to hire, fire, suspend, and otherwise, discipline Plaintiffs.

11. Defendant is an employer of the Plaintiffs within the meaning of the FLSA and Maryland law.

12. At all relevant times, Defendant is an employer within the meaning of the FLSA – 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

13. At all relevant times, Defendant had an annual gross volume of sales made or business done of not less than $500,000.

14. At all relevant times to the present case, Defendant regularly carried on business in the state of Maryland.

15. Jurisdiction is proper in the Court due to the asserted violation of a federal statute and pursuant to 29 U.S.C. §207.

16. Venue is appropriate in this jurisdiction because the unlawful events occurred in this district.

**FACTS**

17. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

18. Plaintiffs and other similarly situated individuals are or were employed by Defendant as delivery drivers.

19. On or about February 14, 2016, Plaintiffs began working for Defendants and to date are current employees.

20. Plaintiffs' duties include delivering packages to homes and businesses in Maryland.

21. Plaintiffs have not and do not drive outside of the state of Maryland as drivers for Defendant.

22. Plaintiffs could not reasonably be expected to drive outside the state of Maryland as drivers for Defendant.

23. Upon information and belief, since employing Plaintiffs, Defendant compensates Plaintiffs at a fixed daily rate of $168, regardless of the hours Plaintiffs work and pays them on a bi-weekly basis.

24. Defendant's method of compensating Plaintiffs is based on a forty (40) hour work-week.

25. Defendant requires drivers to track their hours on a daily log sheet titled "CC Last Mile Drivers Daily Logs".

26. Defendant requires Plaintiffs to track their hours from their start time to the end of each workday

27. Defendant requires that Plaintiffs arrive at work by 7:30 a.m. and locate and load the packages they are scheduled to deliver in their vehicles; a process that typically takes two hours to complete.

28. Defendant erroneously, does not begin calculating Plaintiffs' hours until after Plaintiffs' vehicles are loaded and Plaintiffs depart from the Defendants' premises; typically around 9:30 a.m.

29. At times, due to inclement and wintry weather, Plaintiffs had to stop delivering packages and would return to the Defendant's premises; Defendant did not compensate Plaintiffs for any work performed on these days.

30. Upon information and belief, Plaintiffs regularly work over forty (40) hours within a workweek.

31. Upon information and belief, the hours Plaintiffs work and accrue range from 10 to 20 hours of overtime within a one week pay period.

32. Upon information and belief, and on average, Plaintiffs accrue 12 overtime hours per week.

33. At all relevant times, Defendant assigns Plaintiffs to non-exempt duties and fails to pay them overtime at a rate of time-and-a-half.

34. Throughout the Plaintiffs' employment, Defendant regularly failed, and continues to fail, to pay Plaintiffs their overtime wages each pay period.

35. Upon information and belief, Defendant paid Plaintiffs overtime for two pay periods; the overtime compensation, however, was paid at the Plaintiffs' hourly rate rather than the overtime premium hourly rate of time-and-a-half.

36. Defendant has knowledge that Plaintiffs regularly work in excess of forty (40) hours per workweek and Defendant suffers or permits Plaintiffs to work such hours.

37. Defendant's failure and refusal to comply with the applicable federal laws and Maryland Law is willful, intentional, and not in good faith.

38. Defendant's failure to pay Plaintiffs their overtime pay is not the result of any *bona fide* dispute.

39. Defendant is liable to Plaintiffs for overtime violations committed throughout the entirety of Plaintiffs' employment with Defendant.

40. Maryland law requires all employers to maintain compensation and time records for all employees. Accordingly, a precise calculation of Plaintiffs' lawful damages from unpaid overtime is not fully possible without a comprehensive review of the payroll and time records

maintained by the Defendant. Plaintiffs reserve the right to determine and adjust their claim in a manner consistent with fundamental fairness to the Defendant and with the Rules of Court.

41. Absent a full and formal discovery, Plaintiffs are unable to determine the full damages they are owed.

42. Defendant's overtime violations are ongoing as of the filing of this Complaint.

43. Defendant requested that Plaintiffs increase their workload by working an additional fifth day of the week and intimidated Plaintiffs by indicating that refusing Defendant's request could lead to termination.

44. Plaintiffs raised complaints about Defendant's failure to compensate their overtime hours properly, but Defendant ignored Plaintiffs' complaints.

45. Maryland law allows for liquidated damages as a remedy to an employee(s) whose wages have been wrongfully denied by their employer.

46. Defendant did not inform Plaintiffs of their rights under the FLSA and Maryland law. There are no displays of the FLSA or Maryland employment laws visible to Plaintiffs at their workplace.

47. Plaintiffs are non-exempt workers under the FLSA and Maryland law.

48. Defendant knew, was aware, and understood it had an obligation to compensate Plaintiffs overtime at the rate of one and one-half times their normal hourly wage for all time worked in excess of forty (40) hours each week.

49. Defendant's failure and refusal to pay Plaintiffs for the hours they worked over forty in a workweek was willful, intentional, and not in good faith.

**COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

51. Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who provide(d) locally delivery services on behalf of Defendant.

52. As a separate class, Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who provide(d) local delivery services on behalf of Defendant.

53. Questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

54. The main allegation of this case is that the Defendant engages or engaged in common and intentional violations of the Federal and Maryland wage laws by way of overtime wage violations and unpaid wage violations.

55. During relevant periods and most likely prior to and beyond, Defendant paid, and continues to pay, Plaintiffs and other similarly situated individuals at a fixed daily rate and fails to properly pay overtime for hours worked in excess of 40 per workweek.

56. During relevant periods and most likely prior to and beyond, Defendant failed, and continues to fail, to compensate Plaintiffs and other similarly situated individuals for overtime hours worked at the overtime premium rate of time-and-a-half.

57. Defendant commonly and systematically engages and engaged in wage theft by not properly compensating Plaintiffs for their overtime hours worked. Defendant paid Plaintiffs and other similarly situated individuals only up to forty (40) hours worked during the week.

58. Any overtime hours Defendant paid, were paid at straight time rather than time-and-a-half.

59. Plaintiffs and similarly situated individuals all receive(d) compensation from Defendant in violation of the Federal wage laws by way of unpaid wages for hours worked and by not being paid time-and-a-half their regular hourly rate for hours worked in excess of forty (40) in a workweek.

60. Plaintiffs and similarly situated individuals were not paid overtime at the overtime premium of time-and-a-half their regular hourly pay rate for hours worked in excess of (40) per workweek.

61. Plaintiffs and each class member are seeking to be paid the wages and overtime wages that they are owed; the difference between hours paid and hours owed when applicable, and any other owed amount earned by Plaintiffs for performing their duties during the workweek.

62. In this particular case, the class members may exceed fifteen (15) current and former employees.

63. All class members are believed to be readily identifiable from information and records in the control and possession of the Defendant.

### COUNT ONE
### FAILURE TO PAY OVERTIME
### (Violation of FLSA 29 U.S.C. §§ 201 *et. seq.*)

64. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

65. Defendant failed, and continues to fail, to pay wages and overtime owed to the Plaintiffs, in violation of the FLSA, 29 U.S.C. §201, *et. seq.*

66. Defendant's failure to pay Plaintiffs' wages and overtime, as required by the FLSA, is willful, intentional and not in good faith. Defendant either knows or shows a reckless disregard for whether its conduct is prohibited by statute.

67. Defendant's failure to comply with the FLSA overtime protections cause Plaintiffs to suffer a loss of wages and interest therein.

### COUNT TWO
### FAILURE TO PAY OVERTIME WAGES
### (MWHL – Md. Code Lab. & Empl. §§ 3-401 *et seq*.)

68. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

69. At all relevant times to this Complaint, Defendant violated, and continues to violate, the overtime provisions of the MWHL, Md. Code Ann., Labor and Empl. §§ 3-401, *et seq.*, by failing to pay Plaintiffs their full and earned overtime wages at time-and-a-half their regular rate of pay for each hour over forty (40) that they worked in a particular workweek.

70. Defendant failed and continues to fail to pay Plaintiffs all wages due during a relevant pay period.

71. Defendant's failure to comply with the Maryland wage and hour protections cause Plaintiffs to suffer a loss of wages and interests therein.

72. Defendant's failure and refusal to pay these wages due to Plaintiffs is willful, deliberate and intentional and was not the result of any *bona fide* dispute.

## COUNT THREE
## FAILURE TO PAY WAGES
### (MWPCL – Md. Code Lab. & Empl. §§ 3-501 *et seq*.)

73. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

74. Defendant failed to pay Plaintiffs all the wages they were due each pay period in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-501 *et seq.*

75. Defendant failed and continues to fail to pay Plaintiffs all wages due during the relevant pay period.

76. Defendant's failure to comply with the Maryland wage and hour protections caused Plaintiffs to suffer a loss of wages and interests thereon.

77. Defendant's failure and refusal to pay these wages due to Plaintiffs is willful, deliberate and intentional and is not the result of any *bona fide* dispute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Judgment be entered against Defendant; and that Defendant be enjoined to comply with all applicable federal wage laws:

a. For the amount of the unpaid overtime compensation due to Plaintiffs throughout the relevant time periods;

b. For the amount of the unpaid wages due to Plaintiffs during relevant periods.

c. For an additional amount of liquidated damages equal to the unpaid wages and overtime compensation described in the preceding subsection, as authorized by the FLSA;

d. For the additional amount, equal to treble damages (three times the amount owed), as authorized by the MWPCL. Md. Labor and Employment Code Ann. § 3-507.1(b).

e. For Plaintiff's reasonable attorney's fees, expenses, and costs incurred in this action, as authorized by 29 U.S.C. §216(b) and Md. Labor and Employment Code Ann. § 3-507.1(b); and

f. For such other further relief as this Court may deem appropriate.

                                          Respectfully submitted,

                                          /s/
                                        Deyka Williams Spencer
The Spencer Firm, LLC.
2275 Research Blvd., Suite 500
Rockville, MD 20850
Phone: (301) 637-2866
Fax: (866) 686-2126
dspencer@spencer-firm.com

*Attorney for Plaintiffs*

Filed: March 8, 2017